## STATE v. DUNNING, *et al.*

The supreme court acquires jurisdiction of a criminal cause by the issuance and service of the writ of error, and while Comp. Laws, § 7512 requires the service of a citation in all cases on the attorney of the adverse party, and the rules of the court provide for its service, as also of the abstract and briefs, on the attorney general, in cases where the state is a party, the return of the citation without service on the attorney general does not deprive the court of jurisdiction, and it may, in its discretion, under the rules, dismiss the writ, or on a proper showing permit the service to be made thereafter.

(Opinion filed June 26, 1899.)

Error to circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Philomen Dunning and Charles Longstaff were convicted of a criminal offense, and bring error. A motion to dismiss was made by defendant in error, and a motion for leave to serve a citation, abstract and brief, was made by plaintiff in error. The motion of defendant in error was denied and that of plaintiff in error granted.

*W. A. Lynch* and *E. H Aplin* for plaintiff in error.

*John L. Pyle*, Attorney General, and *H. S. Mouser*, State's Attorney, Beadle county, for defendant in error.

CORSON, P. J. This case comes before us on two motions, one on the part of the attorney general to dismiss the writ of error sued out in this case, and the second on the part of the plaintiffs in error for leave to serve a citation, abstract and brief upon the attorney general. The two motions were heard together. It appears from the moving papers on the part of the plaintiffs in error that a writ of error was issued out of this court in December, 1898, and served on the clerk of the circuit court of Beadle county, and that a citation was also issued at the same time, directed to the state's attorney of Beadle county and the attorney general, and was served upon the state's attorney, H. S. Mouser, Esq., but not upon the attorney general. The case was placed upon the calender of the present term of this court, and when called for argument, the attorney general, appearing specially for that purpose, objected to the hearing of the case for the reason that no citation, abstract, and brief had been served upon him, and this court held that the case could not proceed until the citation, abstract, and brief were

so served.   Counsel for plaintiffs in error  thereupon  gave no-
tice of the present motion, and _the attorney general presented
his counter motion for a dismissal of the appeal on the ground
that this court has no jurisdiction of the case, no  citation hav-
ing  been  served upon him.   The attorney general contends
that the service of the citation upon him in a case where a writ
of error is issued is essential to confer jurisdiction upon this
court over the cause, and  that when  the citation, as in  this
case has only been  served  upon  the state's  attorney, and re-
turned to the office of clerk of this court, this court  has acquir-
ed no jurisdiction of  the  cause.   Section 7512, Comp. Laws,
provides:   ''Immediately after the issuing  of the writ, a cita-
tion to the adverse  party  to be and  appear  at the supreme
court, to be issued by the clerk thereof, shall be served on him
or his attorney, giving at least  ten  days' notice  thereof;'' and
rule 16 of  this court provides  as  follows:   ''In  all cases in
which by law the attorney  general  is  required  to appear for
the state in this court, and in which  the  state is a  party, re-
spondent or defendant in  error,  the  notice  of  appeal or cita
tion  in error, as  the case  may be, and  the abstracts and briefs
prescribed by law  or  the  rules  of  this  court, shall  be served
upon the attorney general, and in criminal causes  the citation
shall also be served  upon  the  state's attorney of  the proper
county. ''   While the statute requires  the  citation to be issued,
and both statute and rule require the citation  to  be served, we
are of the opinion that the jurisdiction of  this  court does not
depend upon  such  service, but  that  its  jurisdiction  over the
cause is conferred by the issuing  of  the  writ  of  error.   The
cause is then transferred to this court, and the only object of the
citation is to notify the state's attorney  and  attorney  general

that the cause has been so transferred to this court, that they may take the proper proceedings to protect the interests of the state. The issuance of the citation and its service constitute procedure only, which is under the control of the court. In case the plaintiff in error fails to have the citation, abstract, and brief properly served, the writ may be dismissed under rule 27, which provides as follows: "A failure to comply with any of the requirements contained in these rules within the times therein provided, will, in the discretion of the court, be cause for dismissal of the appeal, or writ of error, or affirmance of the judgment, as the case may demand." It will be observed that by rule 16 the abstract and brief are required to be served upon the attorney general, and they, as well as the citation, must be served upon him, as he represents the state in this court. Section 95, Comp. Laws. These rules were promulgated as early as 1884 by the late territorial supreme court, and were readopted by the present supreme court. They in no way conflict with the statute, and are in harmony with it. While this court has the power to dismiss the writ of error in this case under rule 27, we think the plaintiffs in error have shown satisfactory excuse for a failure to comply with rule 16, and their motion for leave to serve citation, abstract and brief upon the attorney general is granted, and the motion of the attorney general to dismiss is denied.